## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:08-CV-18-BO

| | |
|---|---|
| MICHAEL S. BAREFOOT, | ) |
| individually, and d/b/a/ SECURITY | ) |
| CREDIT AUTO SALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SECURITY CREDIT CORPORATION | ) |
| INC., KATHY CONWAY, individually, | ) |
| DAVID LEE, individually, and LEO | ) |
| DAUGHTRY, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER

The following matters are before the Court: (1) Plaintiff's Motion for Preliminary

Injunction; (2) Plaintiff's Motion to Extend Time to Complete Discovery; (3) Defendants'

Motion to Compel; (4) Defendants' Motion to Quash Subpoena Directed to Trial Counsel; (5)

Defendants' Motion for Protective Order; (6) Defendants' Motion for Sanctions; and (7)

Defendants' Motion to Disqualify Counsel.

## DISCUSSION

(1) Plaintiff's Motion for Preliminary Injunction

The Plaintiff has failed to meet his burden for a preliminary injunction. The Court

determines whether a preliminary injunction is appropriate by addressing four questions: "(1) the

likelihood of irreparable harm to the plaintiff if the injunction is denied, (2) the likelihood of

harm to the defendant if the injunction is granted, (3) the likelihood that the plaintiff will succeed

on the merits, and (4) the public interest." *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d

808, 828 (4thCir. 2004) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 193-96 (4th Cir. 1977)). The movant bears the burden of establishing that each factor weighs in favor of granting the injunction. *Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 812 (4th Cir. 1991). In this case, the Plaintiff has failed to show that such an injunction would not put an undue hardship on the Defendants preparation of their case before this Court.

(2) Plaintiff's Motion to Extend Time to Complete Discovery

In accordance with Local Rule 26.1(b), the Plaintiff has shown proper cause for an extension of time to complete discovery. The Court ORDERS the following modifications to the Scheduling Order:

(1) Adding of additional parties and amendment of pleadings by October 1, 2009; (2) all discovery to be completed by November 1, 2009; (3) all potentially dispositive motions to be filed by December 1, 2009.

(3) Defendants' Motion to Compel

As to Defendants' Requests for Production Nos. 13-14, 16-19, 21-22, 24-26, and 29 the request is GRANTED. "To the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay production pending the taking of a deposition." *Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 231 (M.D.N.C. 1999). The evidence requested here constitutes potentially substantive evidence, discoverable even if it may also serve as impeachment evidence. "Substantive evidence is that offered to establish the truth of a matter to be determined by a trier of fact."*Pro Billiards Tour Assoc., Inc.*, 187 F.R.D. at

2

231 (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5thCir. 1994)).

In accordance with Federal Rule of Civil Procedure 26(e), Plaintiff is ORDERED to provide unqualified and complete responses as to Requests for Production Nos. 1-7, 9, 11, 20, 23-24, 30-31, 33-34, 37-38, and 40-41.

Plaintiff is ORDERED to provide complete responses to Interrogatory Nos. 2(A)-(K) to the extent they have failed to do so.

Plaintiff is ORDERED to provide a complete response to Interrogatory No. 11.

Plaintiff is further ORDERED to sign the Interrogatories under oath as required by Federal Rule of Civil Procedure 33(b)(3) and (5).

All other parts of the Defendants' Motion to Compel are DENIED.


(4) Defendants' Motion to Quash Subpoena Directed to Trial Counsel

Defendants have the initial burden to show good cause for receiving a protective order to a deposition request. In the instant case, the burden is low. "A request to depose a party's litigation counsel, by itself, constitutes good cause for obtaining a Fed. R. Civ. P. 26(c) protective order and further, that the motion may, and should, be filed prior to the scheduled deposition." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (citing *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (1987)). The burden then shifts to the party seeking the deposition to "demonstrat[e], among other considerations, that (1) there are no persons other than the attorney available to provide the information; (2) other methods, such as written interrogatories, would not be as effective; (3) the inquiry will not invade attorney-client privilege or work product; and (4) the information is of such relevance that the

3

need for it outweighs the disadvantages and problems inherent in deposing a party's litigation attorney." *Id.* (citing *N.F.A. Corp.* 117 F.R.D. at 86). The Plaintiff has not met this burden. The information sought is readily available through available documents and depositions of the identified governmental officials and identified witnesses. To depose the Defendants' attorney would be overly intrusive and invade counsel's right to protect work product.

(5) Defendants' Motion for Protective Order

In accordance with Federal Rules of Civil Procedure 30(b)(1) and (b)(6), Plaintiff is ORDERED to provide Defendants with a minimum of seven (7) business days from the date of service to the notice date of deposition for any corporate representative and to describe with sufficient particularity the areas of inquiry as to allow Defendants adequate time to identify and prepare the corporate representative(s) to be deposed.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction is DENIED. Plaintiff's Motion to Extend Time to Complete Discovery is GRANTED. Defendants' Motion to Quash Subpoena Directed to Trial Counsel and Motion for Protective Order are GRANTED. Defendants' Motion to Compel is GRANTED IN PART. Defendants' Motion for Sanctions and Motion to Disqualify Counsel are both DENIED.

SO ORDERED.

This __12__ day of September, 2009.

4

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5